J. O. RANKIN v. MRS. L. B. TRICKETT *et al.*

No. 14,888   (89 Pac. 698.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Issue Properly Raised by Pleadings and Evidence but Not Determined—Erroneous Judgment.* Upon the trial of a civil action, where one of two defendants has pleaded new matter which if sustained by the evidence entitles him to relief concerning the subject-matter of the action, and such defendant has produced evidence tending to establish such issue, it is error for the trial court to refuse to determine such issue and to render judgment without regard thereto.

2. TITLE AND OWNERSHIP—*Personal Property—Partners or Tenants in Common—Evidence.* Where it is material on a trial to determine whether personal property owned equally by

two partners and used in the partnership business is owned
jointly as partnership property or individually in undivided
moieties, a letter which is referred to in a written agreement
to form a partnership as containing the conditions and speci-
fications on which the business is to be conducted is material
evidence.

3. ———— *Proof of Ownership as Partners.* The letter referred
to in the preceding paragraph, together with the writings
signed by the partners, evidences the partnership title to the
personal property used in the business and not the individual
ownership thereof in undivided moieties.

4. PRIORITY OF LIENS—*Unrecorded Chattel Mortgage—Subse-
quent Lien Acquired without Notice.* Where T. sells to R.
a one-half interest in personal property, and at the same time
forms a copartnership with R. and such property as used be-
comes partnership property, the rights of R. in the property
and any lien he may have thereon for an indebtedness of the
copartnership to him growing out of the partnership business
are prior to the lien of a chattel mortgage on the property
given by T. and wife before the sale to R. but which chattel
mortgage was not filed for record until long after such sale;
provided, of course, R. has no actual knowledge or notice of
the existence of the mortgage at the time of his purchase.

Error from Miami district court; WINFIELD H.
SHELDON, judge. Opinion filed March 9, 1907. Re-
versed.

STATEMENT.

THIS suit was brought in the district court of Miami
county by Mrs. L. B. Trickett against J. O. Rankin for
the partition of personal property, consisting princi-
pally of an iron safe and books constituting an abstract
outfit, in which Mrs. Trickett claimed she owned an
undivided one-half interest and Rankin the other half.

Rankin in his answer claimed that the property was
or had been partnership property, owned by himself
and Joseph P. Trickett, as partners in the business of
abstracting; that the partnership had been dissolved
by expiration of the term of their contract but that no
accounting thereof had been had; that the partnership
was indebted to him; and that he had a lien on the
property for such indebtedness and to secure a con-

dition of the partnership agreement that Joseph P. Trickett should repurchase Rankin's interest in the property, if desired by Rankin, on the expiration of the partnership contract. Joseph P. Trickett was made a party defendant, on the application of Rankin.

Joseph P. Trickett and plaintiff both replied and alleged a dissolution of the partnership and an accounting and settlement of the partnership business; denied that the property ever was partnership property; and alleged that Mrs. Trickett bought the undivided one-half interest therein, at the request of Rankin, from Bryan & Son, who held a chattel mortgage on the entire property, which security was given to them by Joseph P. Trickett and wife prior to the sale of the one-half interest therein by Joseph P. Trickett to Rankin on the formation of the partnership.

Upon a trial without a jury, after the evidence was introduced and the arguments made, the court, without any application therefor, and over the objection of Rankin, dismissed the suit as between Rankin and Joseph P. Trickett, rendered judgment as prayed for by Mrs. Trickett, and ordered a partition of the property.

*J. E. Maxwell, W. T. Johnston,* and *J. O. Rankin,* for plaintiff in error.

*Keplinger & Trickett,* and *Alpheus Lane,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The principal question involved in this case is whether the allegations of the answer were necessary to a complete determination of the rights of Mrs. Trickett and Rankin in the property. These allegations are: That at the time of the purchase of the one-half interest therein by Mrs. Trickett the property was jointly owned by Rankin and Joseph P. Trickett, as partners; that the partnership owed Rankin a debt growing out of the partnership business; and that he

was entitled to a lien thereon for the amount of such indebtedness.  If the rights of Mrs. Trickett and Rankin, respectively, in the property in controversy could be fully determined without reference to these issues, which were definitely made in the pleadings, then Joseph P. Trickett was not a necessary party defendant and the judgment and order of the court were right; otherwise they were wrong.

It seems to us that the bare statement of the proposition compels the answer that the court erred.  Mrs. Trickett could not own an unencumbered one-half interest in the property which she claimed and Rankin own the other half, as she admits, and at the same time Rankin have a lien upon the entire property, as he alleges.  To determine whether Rankin had such a lien it was necessary to determine whether there had been a dissolution of the partnership before the commencement of the suit and an accounting and settlement by the firm members of their partnership affairs.  The issues were fully made, and the evidence thereon was before the court, and by its order it refused to determine what that evidence proved.  This was error.  Defendant Rankin had pleaded facts which entitled him "to relief concerning the subject-matter of the action" (Gen. Stat. 1901, § 4528), and if the evidence supported his claim he was entitled to the relief; otherwise he was not.  Section 4846 of the General Statutes of 1901 provides four specific causes for which the court may dismiss an action without the request of the plaintiff, and then provides that in all other cases the trial of the action and the decision must be upon the merits. The next section of the statute insures to the defendant the right to have his set-off or counter-claim tried upon its merits, although the plaintiff may have dismissed his action or failed to appear.

Considerable discussion is found in the briefs as to whether, under the bill of sale from Joseph P. Trickett to Rankin and the written contract of copartnership

between them, the abstract outfit became partnership property or each partner severally owned an undivided one-half interest therein. If any doubt existed as to the intention of the partners, after reading the letter from Joseph P. Trickett to Rankin, which formed a part of the negotiations and which was improperly excluded from the evidence, together with the contract to sell, the bill of sale and the partnership contract, it is removed by the evidence of Joseph P. Trickett, as well as by the evidence of Rankin. They each testified that the abstract books lacked about ten years of being written up to date; that both partners were to assist in bringing them up to date; and that when this should be done the books would be greatly increased in value. We find no difficulty in saying that it was partnership property.

The chattel mortgage to Bryan & Son covered the entire outfit, and other property, and was executed prior to the formation of the partnership and the purchase by Rankin, but Rankin had no actual knowledge or notice of the mortgage at the time of his purchase, and it was not recorded until a long time thereafter. The lien of Bryan & Son was therefore subject to Rankin's rights in the property.

The judgment is reversed and the case is remanded for further proceedings in accordance with the views herein expressed.